UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MARINA DISTRICT DEVELOPMENT
CO., LLC doing business as
BORGATA HOTEL CASINO & SPA,        CIVIL NO. 14-2283(NLH/AMD)
    Plaintiff,
                                   **MEMORANDUM**
v.                                 **OPINION & ORDER**

PHILLIP D. IVEY, JR., GEMACO
INC., and CHENG YIN SUN,
    Defendants.

---

**Appearances:**

JEREMY M. KLAUSNER
AGOSTINO & ASSOCIATES, PC
14 WASHINGTON PLACE
HACKENSACK, NJ 07601

    On behalf of plaintiff

JEFFREY W. MAZZOLA
LAW OFFICES OF WILLIAM E. STAEHLE
445 South Street
P.O. BOX 1938
MORRISTOWN, NJ 07962-1938

    On behalf of defendant Gemaco, Inc.

EDWIN JOSEPH JACOBS, JR.
MICHAEL F. MYERS
LOUIS M. BARBONE
JACOBS & BARBONE
1125 PACIFIC AVENUE
ATLANTIC CITY, NJ 08401

    On behalf of defendants Phillip D. Ivey and Cheng Yin Sun

**HILLMAN, District Judge**

WHEREAS, on December 15, 2016, this Court granted summary judgment in Plaintiff's favor on its breach of contract claims against Defendants Phillip D. Ivey and Cheng Yin Sun (Docket No. 117, 118), and ordered that Plaintiff was entitled to judgment in the amount of $10,130,000.00 (Docket No. 119); and

WHEREAS, on that same date, this Court denied without prejudice the cross-motions for summary judgment of Plaintiff and Defendant Gemaco, Inc. because when they filed their motions, they did not have the benefit of the Court's Opinion that granted judgment in Plaintiff's favor and against Ivey and Sun on Plaintiff's breach of contract claims (Docket No. 116); and

WHEREAS, Ivey and Sun thereafter filed a motion for entry of judgment (Docket No. 12) pursuant to Fed. R. Civ. P. 54(b), which provides:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

WHEREAS, Ivey and Sun also request in their motion that the

judgment entered against them should be stayed without bond pending appeal, pursuant to Fed. R. Civ. P. 62(h), which provides:

> A court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered.

WHEREAS, Plaintiff has joined in on Ivey and Sun's motion for entry of judgment, but it opposes their request to stay the enforcement of the judgment pending appeal; and

WHEREAS, the Court notes that Rule 54(b) was "designed in an attempt 'to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties,'" Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006) (quoting Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 363 (3d Cir. 1975)); and

WHEREAS, the Court further notes that Rule 54(b) requires the finding that there is "no just reason for delay," and that a court should consider several factors in making that determination: "'(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4)

3

the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like,'" Berckeley, 455 F.3d at 203 (quoting Allis-Chalmers Corp., 521 F.2d at 364); and

WHEREAS, the Court has considered the parties' arguments, and finds that the above factors do not support a finding of "no just reason for delay" because (1) Plaintiff's claims against Gemaco are currently ripe for resolution since they were the subject of pending summary judgment motions at the time of the Court's decision on Plaintiff's claims against Ivey and Sun, and (2) resolving all of Plaintiff's claims arising out of the edge-sorting technique used by Ivey and Sun with Gemaco playing cards which serves as the basis for all of Plaintiff's claims against Ivey, Sun and Gemaco would prevent duplicative review by the court of appeals;

THEREFORE,

IT IS on this ___6th___ day of ___June___, 2017

ORDERED that the MOTION for Entry of Judgment under Rule 54(b) by PHILLIP D. IVEY, JR. [120] be, and the same hereby is, DENIED; and it is further

ORDERED that Plaintiff shall resume prosecution of its claims against Gemaco, Inc., by renewing its motion for summary

4

judgment, or by seeking other relief, see, e.g., Fed. R. Civ. P. 41(a), that would resolve the claims between Plaintiff and Gemaco, Inc. so that final judgment may be entered on Plaintiff's claims against Ivey and Sun.

At Camden, New Jersey                   s/ Noel L. Hillman
                                     NOEL L. HILLMAN, U.S.D.J.