```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
MARINA DISTRICT DEVELOPMENT
CO., LLC doing business as
BORGATA HOTEL CASINO & SPA,       CIVIL NO. 14-2283(NLH/AMD)
     Plaintiff,
                                  OPINION
v.

PHILLIP D. IVEY, JR., GEMACO
INC., and CHENG YIN SUN,
     Defendants.
```

**APPEARANCES:**

JEREMY M. KLAUSNER
JEREMY KLAUSNER LAW, P.C.
21 SHEFFIELD TER
WEST ORANGE, NJ 07052

    On behalf of Plaintiff

JEFFREY W. MAZZOLA
LAW OFFICES OF WILLIAM E. STAEHLE
445 SOUTH STREET
P.O. BOX 1938
MORRISTOWN, NJ 07962-1938

    On behalf of Defendant Gemaco, Inc.

EDWIN JOSEPH JACOBS, JR.
MICHAEL F. MYERS
LOUIS M. BARBONE
JACOBS & BARBONE
1125 PACIFIC AVENUE
ATLANTIC CITY, NJ 08401

    On behalf of Defendants Phillip D. Ivey and Cheng Yin Sun

**HILLMAN, District Judge**

    On December 15, 2016, this Court granted summary judgment

in Plaintiff's favor on its breach of contract claims against Defendants Phillip D. Ivey and Cheng Yin Sun (Docket No. 117, 118), and ordered that Plaintiff was entitled to judgment in the amount of $10,130,000.00 (Docket No. 119). On June 6, 2017, the Court denied Ivey and Sun's motion for entry of judgment pursuant to Fed. R. Civ. P. 54(b) so that they could appeal the judgment entered against them even though Plaintiff's claims against Defendant Gemaco Inc. were still pending.

The Court also denied their request that the judgment entered against them be stayed without bond pending appeal, pursuant to Fed. R. Civ. P. 62(h). (Docket No. 122.) In that same Order, the Court directed Plaintiff to prosecute its claims against Gemaco. By way of renewed motions for summary judgment,[1] on March 26, 2018 the Court entered judgment in Defendant Gemaco Inc.'s favor on all of Plaintiff's claims except for Plaintiff's breach of warranty claim. (Docket No. 135, 136.)

On June 25, 2018, Plaintiff reported that it and Gemaco had resolved their claims between them. (Docket No. 143.) Plaintiff attempted to obtain consent from all the parties for the entry of an Order certifying Plaintiff's judgment against

---

[1] Previously, the Court denied without prejudice the cross-motions for summary judgment of Plaintiff and Defendant Gemaco, Inc. because when they filed their motions they did not have the benefit of the Court's Opinion that granted judgment in Plaintiff's favor and against Ivey and Sun on Plaintiff's breach of contract claims. (Docket No. 116.)

2

Ivey and Sun as final pursuant to Rule 54(b)[2] and dismissing the claims between Plaintiff and Gemaco pursuant to Rule 41. Instead of consenting to the proposed orders, Ivey and Sun have moved pursuant to Rule 62(h)[3] and Fed. R. App. P. 8(a)(1)(A)[4] to stay Plaintiff's judgment pending their appeal. Plaintiff has opposed Defendants' motion.

The Court must consider four factors when determining whether to stay the judgment pending an appeal: (1) a strong showing of likelihood of success on the merits; (2) irreparable harm; (3) whether issuance of a stay will substantially injure

---

[2] Fed. R. Civ. P. 54(b) provides:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

[3] Fed. R. Civ. P. 62(h) provides, "A court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered."

[4] Under Fed. R. App. P. 8(a)(1)(A), a party must move first in the district court for a stay of the judgment of a district court pending appeal.

other interested parties; and (4) public interest. Hilton v. Braunskill, 481 U.S. 770 (1987) (noting that "[d]ifferent Rules of Procedure [Fed. R. Civ. P. 62; Fed. R. App. P. 8(a)] govern the power of district courts and courts of appeals to stay an order pending appeal," but under both Rules the factors regulating the issuance of a stay are generally the same). The first two factors are the most critical. Nken v. Holder, 556 U.S. 418, 434 (2009). "If the movant does not make the requisite showings on either of these first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and the stay should be denied without further analysis." In re Revel, Inc., 802 F.3d 558, 571 (3d Cir. 2015) (internal quotation marks and citation omitted); Holland v. Rosen, 895 F.3d 272, 286 (3d Cir. July 9, 2018) (citing In re Revel, Inc., 802 F.3d at 568) ("The first two factors are prerequisites for a movant to prevail.").

In their motion, Defendants focus mainly on the likelihood-of-success-on-the-merits factor, and argue how the Court's finding that they breached their contract with Plaintiff is erroneous. With regard to the second irreparable harm factor, Defendants argue that requiring them to return the $10 million they won six years ago would be devastating to them, but staying the judgment would have little impact on Plaintiff.

"To establish irreparable harm, a stay movant must

4

demonstrate an injury that is neither remote nor speculative, but actual and imminent." In re Revel Inc., 802 F.3d at 571. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Id. (quoting Sampson v. Murray, 415 U.S. 61, 90 (1974)). "The adequacy of the proof provided plays an important role '[i]n evaluating the harm that will occur depending upon whether or not [a] stay is granted.'" Id. at 572 (citation omitted).

The Third Circuit has "long held that an injury measured in solely monetary terms cannot constitute irreparable harm." Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 562 F.3d 553, 557 (3d Cir. 2009) (citations omitted); see also Holland, 895 F.3d at 286 (noting that the irreparable harm factor for a stay pending appeal is analogous to that factor in the preliminary injunction context). "[A] purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement." Minard Run Oil Co. v. U.S. Forest Service, 670 F.3d 236, 255 (3d Cir. 2011) (citation and quotations omitted). An exception exists, however, "where the potential economic loss is so great as to threaten the existence of the movant's business." Id. (citations and quotations omitted).

Defendants have provided no proof to show how the "purely economic injury, compensable in money" would "threaten the

existence of" their business.  Defendants simply say that returning the $10,130,000 Plaintiff paid them to them in the first instance would have a "devastating impact" on them.  Without any evidence to support their claim that they will be irreparably harmed if the Court does not stay the judgment pending appeal, Defendants have not met their burden under Fed. R. Civ. P. 62(h) or Fed. R. App. P. 8(a) to warrant a stay of the judgment pending their appeal.  Consequently, the Court will deny Defendants' motion.

As a related matter, the Court finds that there is "no just reason for delay" to enter a final judgment as to Plaintiff's judgment against Ivey and Sun.[5]  See Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006) (noting that Rule 54(b) requires the finding that there is "no just reason for delay").  Accordingly, the Court will direct that Plaintiff's judgment against Ivey and Sun is final.

An appropriate Order will be entered.


Date: August 27, 2018              s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[5] Because all the parties did not consent to the entry of final judgment and the dismissal of the claims between Plaintiff and Gemaco, and because cross-claims remain pending between Ivey, Sun, and Gemaco, the Court must direct the entry of final judgment as to Plaintiff's judgment against Ivey and Sun under Rule 54(b) in order for Ivey and Sun to proceed with their appeal.